**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**SHAYLA C.,**[1]

**Plaintiff,**

**v.**

**Civil Action 2:25-cv-1111**
**Magistrate Judge Chelsey M. Vascura**

**COMMISSIONER OF SOCIAL SECURITY,**

**Defendant.**

# OPINION AND ORDER

Plaintiff, Shayla C. ("Plaintiff"), brings this action under 42 U.S.C. § 405(g) for review of a final decision of the Commissioner of Social Security ("Commissioner") denying her applications for a period of disability and disability insurance benefits ("DIB") and for supplemental security income ("SSI"). This matter is before the Court on Plaintiff's Statement of Errors (ECF No. 11), the Commissioner's Memorandum in Opposition (ECF No. 13), and the administrative record (ECF No. 10). For the reasons that follow, the Commissioner's non-disability determination is **AFFIRMED**.

## I. BACKGROUND

Plaintiff filed her DIB and SSI applications in February 2024, alleging that she has been disabled since January 28, 2024. (R. at 238–42.) After those applications were denied initially and upon reconsideration, an Administrative Law Judge ("ALJ") held a video hearing on January

[1] Pursuant to this Court's General Order 22-01, any opinion, order, judgment, or other disposition in Social Security cases shall refer to plaintiffs by their first names and last initials.

23, 2025, at which Plaintiff, who was represented by counsel, appeared and testified. (*Id*. at 47–97.) A vocational expert ("VE") also appeared and testified. On March 12, 2025, the ALJ issued an unfavorable determination, which became final on July 24, 2025, when the Appeals Council denied Plaintiff's request for review. (R. at 28–46, 1–6.)

Plaintiff seeks judicial review of that unfavorable determination. She contends that the ALJ's residual functional capacity ("RFC")[2] determination is not supported by substantial evidence. (Pl.'s Statement of Errors 6–9, ECF No. 11.) Specifically, she contends that the ALJ's RFC for a range of light work is unsupported because she cannot do the standing and walking required for light work. (*Id*. at 6.) The Court finds that this contention of error lacks merit.

## II. THE ALJ'S DECISION

The ALJ issued the unfavorable determination on March 12, 2025. (R. at 28–46.) The ALJ initially determined that Plaintiff met the insured status requirements through December 31,

[2] A claimant's RFC is an assessment of "the most [she] can still do despite [her] limitations" "on a regular and continuing basis." 20 C.F.R. §§ 404.1545(a)(1), (b)–(c); 416.945(a)(1), (b)–(c).

2028. (*Id*. at 34.) At step one of the sequential evaluation process,[3] the ALJ found that Plaintiff had not engaged in substantial gainful activity since her alleged disability onset date of January 28, 2024. (*Id*.) At step two, the ALJ found that Plaintiff had the following severe medically determinable impairments: acute myocardial infarction, status/post CABG March 1, 2024, with aortic valve replacement; and obesity. (*Id*.) At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments described in 20 C.F.R. Part 404, Subpart P, Appendix 1. (*Id*.)

The ALJ then set forth Plaintiff's RFC as follows:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except never climbing ladders, ropes or scaffolds; occasional climbing ramps or stairs; occasional balancing, stooping, crouching, and kneeling; no crawling. No work at unprotected heights or work around hazardous

[3] Social Security Regulations require ALJs to resolve a disability claim through a five-step sequential evaluation of the evidence. *See* 20 C.F.R. §§ 404.1520(a)(4); 416.920(a)(4). Although a dispositive finding at any step terminates the ALJ's review, *see Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007), if fully considered, the sequential review considers and answers five questions:

> 1. Is the claimant engaged in substantial gainful activity?
>
> 2. Does the claimant suffer from one or more severe impairments?
>
> 3. Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments, 20 C.F.R. Subpart P, Appendix 1?
>
> 4. Considering the claimant's residual functional capacity, can the claimant perform his or her past relevant work?
>
> 5. Considering the claimant's age, education, past work experience, and residual functional capacity, can the claimant perform other work available in the national economy?

*See* 20 C.F.R. §§ 404.1520(a)(4); 416.920(a)(4). *See also Henley v. Astrue*, 573 F.3d 263, 264 (6th Cir. 2009); *Foster v. Halter*, 279 F.3d 348, 354 (6th Cir. 2001).

> machinery. No commercial driving. Occasional reaching overhead with the left, non-dominant extremity, and frequent reaching overhead with the right, dominant extremity. Avoid concentrated exposure to extreme cold, heat, humidity, wetness, and pulmonary irritants. Avoid concentrated exposure to vibration.

(*Id*. at 35.) At step four, the ALJ relied on the VE's testimony to determine that Plaintiff could perform her past relevant work as a billing clerk and a cashier. (*Id*. at 39.) Alternatively, at step five, the ALJ relied on the VE's testimony and determined that considering her age, education, work experience, and RFC, there were jobs that existed in significant numbers in the national economy that Plaintiff could perform including the representative jobs of sorter, marker, and collator operator. (*Id*. at 40.) Accordingly, the ALJ concluded that Plaintiff was not disabled as defined in the Social Security Act during the relevant time frame. (*Id*. at 24.)

## III. STANDARD OF REVIEW

When reviewing a case under the Social Security Act, the Court "must affirm a decision by the Commissioner as long as it is supported by substantial evidence and was made pursuant to proper legal standards." *DeLong v. Comm'r of Soc. Sec.*, 748 F.3d 723, 726 (6th Cir. 2014) (cleaned up); *see also* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ."). Although this standard "requires more than a mere scintilla of evidence, substantial evidence means only such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moats v. Comm'r of Soc. Sec.*, 42 F.4th 558, 561 (6th Cir. 2022) (cleaned up) (quoting *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019)).

Though the substantial evidence standard is deferential, it is not trivial. The Court must "examine[ ] the record as a whole and take[ ] into account whatever in the record fairly detracts from the weight" of the Commissioner's decision. *Golden Living Ctr.-Frankfort v. Sec'y of*

*Health & Hum. Serv.*, 656 F.3d 421, 425 (6th Cir. 2011) (citing *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 487 (1951)).

Nevertheless, where "substantial evidence supports the Secretary's determination, it is conclusive, even if substantial evidence also supports the opposite conclusion." *Emard v. Comm'r of Soc. Sec.*, 953 F.3d 844, 849 (6th Cir. 2020) (quoting *Crum v. Sullivan*, 921 F.2d 642, 644 (6th Cir. 1990)). Finally, even if the ALJ's decision meets the substantial evidence standard, "a decision of the Commissioner will not be upheld where the SSA fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Rabbers v. Comm'r Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009) (quoting *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007)).

## IV. ANALYSIS

As previously explained, Plaintiff contends that substantial evidence does not support the ALJ's determination that she could perform light work. (Pl.'s Statement of Errors 6–10, ECF No. 13.) Specifically, Plaintiff contends that she cannot sustain the standing and walking required for light work and that the ALJ improperly relied on a return-to-work note and her daily activities to reach the opposite conclusion. (*Id.*) The Court disagrees.

A claimant's RFC is an assessment of "the most [she] can still do despite [her] limitations" "on a regular and continuing basis." 20 C.F.R. §§ 404.1545(a)(1), (b)–(c); 416.945(a)(1), (b)–(c). Although an ALJ is responsible for determining a claimant's RFC, 20 C.F.R. §§ 404.1546(c); 416.946(c), an RFC determination must be supported by substantial evidence, *Moats*, 42 F.4th at 561.

An ALJ's RFC determination must also be "based on all the relevant evidence" in a claimant's case record. 20 C.F.R §§ 404.1545(a)(1); 416.945(a)(1). Relevant evidence includes medical history, medical signs and laboratory findings, the effects of treatment, daily activities,

lay evidence, recorded observations, medical source statements, effects of symptoms, and evidence from attempts to work. *Titles II & XVI: Assessing Residual Functional Capacity in Initial Claims*, SSR 96-8P, 1996 WL 374184 at *5, (S.S.A. July 2, 1996).

Additionally, an ALJ is required to explain how the evidence supports the limits he or she includes in a claimant's RFC:

> The RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (*e.g.*, laboratory findings) and nonmedical evidence (*e.g.*, daily activities, observations). In assessing RFC, the adjudicator must discuss the individual's ability to perform sustained work activities in an ordinary work setting on a regular and continuing basis (*i.e.*, 8 hours a day, for 5 days a week, or an equivalent work schedule), and describe the maximum amount of each work-related activity the individual can perform based on the evidence available in the case record. The adjudicator must also explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved.

*Id.* at *7 (internal footnote omitted).

Here, the ALJ determined that Plaintiff could perform a reduced range of light work. (R. at 35.) Plaintiff contends that the ALJ reached this conclusion because she "relied principally on a notation in [. . .] cardiology records reflecting that [Plaintiff] had been 'cleared' to return to work . . . ." (Pl.'s Statement of Errors 9, ECF No. 11.)

That does not accurately describe the ALJ's analysis. When determining that Plaintiff could perform a reduced range of light work, the ALJ relied on several categories of evidence, including prior administrative findings from state agency reviewers. Those reviewers found that Plaintiff could stand and/or walk for a total of about 6 hours in an 8-hour workday; occasionally

lift and/or carry 20 pounds; and frequently lift and/or carry ten pounds–the exertional requirements for light work[4] (R. 38, 101, 108, 120, 127.) The ALJ wrote as follows:

> When the claimant's medical evidence was reviewed by state agency medical consultants they opined she was capable of performing work at the light exertional level with never climbing ladders, ropes or scaffolds, and occasionally climbing ramps and stairs, stooping, and crawling. She should avoid concentrated exposure to extreme cold and hot, wetness, humidity, vibration, and pulmonary irritants and should avoid all exposure to hazards. (Exhibits 1A & 2A and 7A & 8A). This prior administrative finding is mostly persuasive as it was supported by the evidence at the time it was made. However, it is not totally consistent with the medical evidence of record at the hearing level that showed the claimant should be limited to no crawling and also limited in overhead reaching due to shoulder pain following a heart valve replacement surgery. (Exhibits 6F, 8F). Further limitations are not required as the record shows she was told she was cleared by Cardiology to return to work. (Exhibits 6F and 8F).

(*Id*. at 38.)

As this discussion demonstrates, the ALJ determined that the state agency reviewers' findings were mostly persuasive[5] because they were supported by the medical evidence available to them when they reviewed Plaintiff's file. (*Id*. at 38.) Those prior administrative findings constituted substantial evidence to support the ALJ's assessment of light work. *See Hefflin o.b.o. LDS v. Kijakazi*, No. 1:20-cv-1414, 2021 WL 4477785, at *6 (N.D. Ohio Sept. 30, 2021) (collecting cases recognizing that state agency opinions may constitute substantial evidence supporting an ALJ's decision); *see also* 20 C.F.R. §§ 404.1513a(b); 416.913a(b) (requiring ALJs

---

[4] To be capable of performing a full or wide range of light work, a claimant must be capable of "a good deal of walking or standing." 20 C.F.R. §§ 404.1567(b); 416.967(b). More particularly, "the full range of light work requires standing or walking, off and on, for a total of approximately 6 hours of an 8-hour workday." *Titles II & XVI: Determining Capability to Do Other Work-the Med.-Vocational Rules of Appendix 2*, SSR 83-10, 1983 WL 31251, at *6, (S.S.A. 1983).

[5] To the extent the ALJ discounted the findings, she did so because they were inconsistent with later evidence demonstrating that those findings were not restrictive enough. (R. at 38.) The ALJ consequently included in Plaintiff's RFC additional crawling and reaching limits. This had no impact on the walking and standing limits for light work.

to consider prior administrative findings from state agency medical or psychological consultants). Notably, Plaintiff does not challenge the ALJ's evaluation of those prior administrative findings.

Moreover, the ALJ did not rely exclusively on the state agency reviewers' prior administrative findings. She also considered normal findings from physical examinations and normal results from objective diagnostic tests including EKGs, imaging, and laboratory tests. (R. at 37–38.) For instance, the ALJ accurately explained that Plaintiff underwent coronary bypass surgery with an aortic valve replacement in March 2024. (*Id*. at 1015.) Following discharge, she developed a large pleural effusion that required drainage. (*Id*. at 1191.) When the effusion recurred, Plaintiff sought additional treatment, and the effusion was ultimately determined to be a chylothorax. (*Id*. at 1091, 1136, 1191.) By April 2024, however, an X-ray showed that the effusion had essentially resolved, and Plaintiff reported that she was breathing easier. (*Id*. at 1191–92.)

As the ALJ also explained, subsequent records continued to show improvement. The ALJ correctly indicated that a provider noted in June 2024 that Plaintiff's chest X-rays and an EKG were benign with no cardiac concerns. (*Id*. at 1641.) During an examination that month, Plaintiff's lungs were clear bilaterally, with no rales, rhonchi, or wheezes, and she had normal heart rate and regular rhythm without murmur or gallop. (*Id*. at 1718.) In December 2024, it was noted that Plaintiff's endurance continued to improve. (*Id*. at 1792.) In January 2025, a provider documented Plaintiff's 2/6 systolic heart murmur with mechanical click. (*Id*. at 1974.) At that time, Plaintiff's recent INRs were acceptable and she had clear lungs with non-labored respiration, normal ranges of motion, and normal strength. (*Id*. at 1973–74.) Plaintiff does not challenge the ALJ's discussion of this evidence.

And certainly, the ALJ also considered the cardiologist's return-to-work note. (R. at 38.) But nothing in the ALJ's decision suggests that she treated it as dispositive evidence of Plaintiff's non-disability. Rather, the ALJ reasonably treated it as one piece of evidence bearing on Plaintiff's functional capacity. In any event, in that note, which was confirmed after additional testing, Plaintiff's cardiologist cleared her to return to work without restrictions. (R. at 1634, 1636, 1641.) The ALJ, in contrast, assessed greater limitations, and instead restricted Plaintiff to a reduced range of light work. The ALJ thus did not principally rely on the return-to-work note, but properly considered it as one part of the evidentiary record. *See* 20 C.F.R. §§ 404.1545(a)(1); 416.945(a)(1) (explaining that an RFC determination is "based on all the relevant evidence" in a claimant's file).

The same is true of Plaintiff's daily activities. The ALJ noted that Plaintiff could walk independently in the community, lift her thirty-pound niece, go camping, and unpack after a move. (R. at 36.) The record substantiates those observations. (*Id*. at 1628, 67, 1641, 1799.) Again though, the ALJ did not treat them as independent evidence of Plaintiff's ability to sustain a reduced range of light work. Instead, the ALJ considered Plaintiff's activities as one of several factors relevant to her functional limitations. That was permissible. SSR 96-8P, 1996 WL 374184 at *5 ("The RFC must be based on *all* of the relevant evidence in the case record, such as: . . . reports of daily activities . . . .) (emphasis in original).

Plaintiff nevertheless cites her self-reported symptoms, records documenting her diagnoses of aortic stenosis and artery disease that culminated in heart surgery, and records documenting her post-surgical treatments. (Pl.'s Statement of Errors 7, ECF No. 11.) But where substantial evidence supports an ALJ's determination, it will not be disturbed, even if other evidence could support the opposite conclusion. *Emard*, 953 F.3d at 849.

In short, Plaintiff's contention of error appears to rest on an unduly narrow characterization of the ALJ's analysis. The ALJ's reduced-range-of-light-work determination was not principally based on the return-to-work note or Plaintiff's daily activities. That determination was, instead, based on and substantially supported by the record evidence as a whole including, but not limited to, prior administrative findings, examination findings, diagnostic testing results, and Plaintiff's daily activities. Plaintiff's contention of error lacks merit.

## V. CONCLUSION

For these reasons, the Court **AFFIRMS** the Commissioner's non-disability determination and **OVERRULES** Plaintiff's Statement of Errors.

**IT IS SO ORDERED.**

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE